UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD ALLEN COPE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:17-CV-693-RLM-MGG ) |
| SGT. JOHN WILCHER, et al., | ) ) |
| Defendants. | ) |

OPINION AND ORDER

Richard Allen Cope, a prisoner without a lawyer, filed a complaint against correctional staff at the LaPorte County Jail, including John Wilcher, Dan Reynolds, Joseph Maksyan, Derrick Allen, and John Boyd. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Still, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Cope alleges that the LaPorte County Superior Court ordered correctional staff to grant him access to the law library. On July 12, 2017, he submitted a grievance about access to the law library. A week later, Mr. Cope

submitted a second grievance to complain that his first grievance was being ignored and that he hadn't received a legal book he had ordered. Reynolds denied the second grievance, stating "it no longer had merit." The legal book was delivered on July 17, but Mr. Cope didn't get it until November 3. On July 27, Mr. Wilcher denied the first grievance.

On September 1, Mr. Cope submitted a request for protective custody to Mr. Maksyan because he had been labeled as a snitch due to a newspaper publishing an article about his cooperation with law enforcement, and the request was granted. From September 20 to October 13, Mr. Cope submitted about 25 grievances. On October 4, Mr. Wilcher expressed to inmates his dissatisfaction with the number of grievances filed by the inmates in Mr. Cope's cell block. On October 11, Mr. Wilcher confronted Mr. Cope about this case,[1] telling Mr. Cope that he had been served and that he "was not worried about this lawsuit." About a week later, Mr. Wilcher repeatedly asked Mr. Cope whether he had counsel and stated that Mr. Cope's "situation" no longer mattered to him. During his time in protective custody, Mr. Cope had helped two other inmates with federal lawsuits.

On November 3, Mr. Cope was removed from protective custody; he alleges this was due to Mr. Wilcher conspiring with Mr. Maksyan, and Mr. Cope submitted new requests for protective custody. On November 8, Mr. Maksyan denied Mr. Cope's requests and explained that he couldn't move Mr. Cope to

---

[1] Mr. Cope amended his initial complaint before the court had an opportunity to screen it.

protective custody due to "keep a parts". Also on November 3, Mr. Cope submitted a grievance about access to the library, which Mr. Allen initially denied. On November 8, Mr. Allen informed Mr. Cope that his access to the law library was reinstated. Mr. Cope seeks money damages and injunctive relief for protective custody and access to the law library.

First, Mr. Cope alleges a First Amendment claim against Mr. Wilcher and Mr. Maksyan for harassing and intimidating Mr. Cope while he was in protective custody and for removing Mr. Cope from protective custody in retaliation for filing grievances and lawsuits and assisting other inmates with lawsuits. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). A plaintiff "must allege a chronology of events from which retaliation may plausibly be inferred." Cain v. Lane, 857 F.2d 1139, 1143 (7th Cir. 1988). Additionally, the retaliatory conduct must be sufficient to "deter a person of ordinary firmness from exercising First Amendment activity in the future." Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009). Taking Mr. Cope's allegations as true, he states a claim of First Amendment retaliation against Mr. Wilcher and Mr. Maksyan.

Next, Mr. Cope alleges an Eighth Amendment claim against Mr. Maksyan for failing to protect Mr. Cope, who had been labelled a snitch by other inmates,

3

by removing him from protective custody. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the court of appeals has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). "Branding an inmate a snitch can expose him to serious harm." Merritte v. Kessel, 561 F. App'x 546, 548 (7th Cir. 2014); Dale v. Poston, 548 F.3d 563, 570 (7th Cir. 2008). Though Mr. Maksyan might have moved Mr. Cope for legitimate reasons, giving Mr. Cope the inferences to which he is entitled at this stage, Mr. Cope adequately states an Eighth Amendment claim upon which relief could be granted against Mr. Maksyan for failing to protect him by removing him from protective custody.

Mr. Cope also alleges a claim under the First Amendment against Mr. Wilcher, Mr. Reynolds, Mr. Allen, and Mr. Boyd for denying him access to the courts. Inmates have a First Amendment right of access to the courts, but there

4

is no "abstract free-standing right" to a law library or legal materials. Lewis v. Casey, 518 U.S. 343, 351 (1996). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim upon which relief can be granted, Mr. Cope must detail the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. Id.

Standing alone, that Mr. Cope was denied access to the law library and a legal book doesn't give rise to an actionable First Amendment claim. At the very least, he must identify a potentially meritorious legal claim and must explain how not having access to legal materials has prejudiced his ability to pursue that claim. The complaint doesn't suggest that he has suffered such harm, so Mr. Cope doesn't state a claim of First Amendment retaliation upon which relief can be granted against Mr. Wilcher, Mr. Reynolds, Mr. Allen, and Mr. Boyd.

Mr. Cope also alleges that Mr. Wilcher, Mr. Reynolds, Mr. Allen, and Mr. Boyd violated the Open Courts Clause of the Indiana Constitution. A district court can decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). Wary of Mr. Cope's assertion of a cause of action under this clause of the Indiana Constitution, the court declines to exercise supplemental jurisdiction on this issue of state law. See Town of W. Terre Haute, Indiana v. Roach, 52 N.E.3d 4, 9 (Ind. Ct. App.

2016) ("Indiana case law construing the Open Courts Clause does not support the notion that it creates a substantive right of action.").

Accordingly, the court:

(1) GRANTS Richard Allen Cope leave to proceed against John Wilcher and Joseph Maksyan in their individual capacities for money damages on the First Amendment claim that they retaliated against him through intimidation and harassment during his time in protective custody and by removing him from protective custody;

(2) GRANTS Richard Allen Cope leave to proceed against Joseph Maksyan in his individual capacity for money damages on the Eighth Amendment failure to protect claim for removing him from protective custody;

(3) GRANTS Richard Allen Cope leave to proceed against Joseph Maksyan on an injunctive relief claim for protective custody as required by the Eighth Amendment;

(4) DISMISSES Dan Reynolds, Derrick Allen, and John Boyd;

(5) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims and defendants;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on John Wilcher and Joseph Maksyan at the LaPorte County Jail with a copy of this order and the amended complaint (ECF 10) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that John Wilcher and Joseph Maksyan respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Richard Allen Cope has been granted leave to proceed in this screening order.

SO ORDERED.

Date: December 18, 2017        /s/ Robert L. Miller, Jr.
                               Judge
                               United States District Court